IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION STARKS,<br><br>    Petitioner.<br><br>  v.<br><br>MICHAEL HENNESSEY,<br><br>    Respondent.<br>_____ | No. C 08-5490 MMC (PR)<br><br>**ORDER OF DISMISSAL;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

    On December 8, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of criminal proceedings that took place in Alameda County Superior Court and culminated in several convictions during the years 1995 through 1998. Although the allegations in the petition are not entirely clear, petitioner appears to be, at present, incarcerated at the San Francisco County Jail as a result of a probation violation.

    Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971)

(quotation and citation omitted).  If available state remedies have not been exhausted as to all claims raised in a federal habeas corpus petition, the district court must dismiss the petition. See Rose, 455 U.S. at 510.  A dismissal solely for failure to exhaust is not a bar to a petitioner's returning to federal court after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In the instant case, petitioner states in his petition that he has not challenged any of the convictions at issue herein by way of appeal or other state collateral proceedings.  (Pet. at 3, 4, 6.) Before petitioner may, by way of federal habeas corpus, raise claims challenging any conviction he claims is unlawful, he must present such claims in the state courts, including the Supreme Court of California.  As petitioner has not presented his claims to the highest state court, he has not exhausted his state remedies.  Consequently, the petition must be dismissed.

Accordingly, the instant petition is hereby DISMISSED.  Such dismissal is without prejudice to petitioner's filing a new federal habeas petition once he has exhausted his state remedies by presenting his claims to the highest state court.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 18, 2008

_____
MAXINE M. CHESNEY
United States District Judge